**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CASE NO. 22-11179** |
| **TOMMY NGO** | **CHAPTER 13** |
| **DEBTOR** | **SECTION "A"** |

## MOTION TO CONVERT CASE TO CHAPTER 7 AND INCORPORATED MEMORANDUM

**NOW INTO COURT**, through undesigned counsel, comes Carrollton & Oak, LLC ("C&O" or "Mover"), creditor in the above captioned proceeding, who herby moves the Court to convert this Chapter 13 case to a case under Chapter 7 pursuant to 11 U.S.C. §1307(c) and as a "bad faith filing" on the following grounds:

1.

Although the Debtor was clearly not qualified to be a debtor in Chapter 13, this case was commenced by a voluntary filing on October 4, 2022, despite having non-contingent debt due to C&O alone far in excess of the maximum $2,750,000 permitted by 11 U.S.C. §109(e) [Doc.1][1].

2.

Because the Debtor did not comply with the requirements of 11 U.S.C. §521(a) on the date the case was commenced, the Clerk of Court issued a Notice [Doc. 4] ("the Notice") to the Debtor and his counsel to do so on or before October 19, 2022.

3.

The Debtor failed to meet any of the requirements of 11 U.S.C. §521(a) by the aforesaid deadline and also has failed to propose a plan.

---

[1] Because the debtor has not filed Schedules as required, Mover does not know what other debts that the Debtor may have but the C&O debt by itself, with accrued interest, puts him more than $6,000,000 over the maximum.

4.

As a result of those failures, the Chapter 13 trustee has filed a Motion to Dismiss this case [Doc. 10] which is set for hearing on November 16, 2022, at 9:00 a.m. Mover avers that the facts in this case more than justify the Court concluding that this was a "bad faith filing" such that conversion, rather than dismissal, is in the best interest of the creditors and the estate.

5.

C&O is the holder of a final, unappealable judgment ("the Judgment") in the total principal amount of $6,455,889.19 against the Debtor rendered and signed on May 23, 2022, in Case No. 2017-00972 on the docket of the Civil District Court, Parish of Orleans, State of Louisiana. A copy of the Judgment is attached hereto as Exhibit A.

6.

No timely appeal from the Judgment was taken by the Debtor within the time permitted by law and the Judgment is now final and fully executory. Indeed, two state court judges have already rejected arguments by counsel for the Debtor that the Judgment is not final.

7.

Prior to the commencement of this case, C&O had caused certain immovable property owned by the Debtor to be seized under a writ of fiera facias issued pursuant to the Judgment; a sale of that immovable property by the Sheriff of Jefferson Parish ("the Sheriff Sale") was scheduled to be held on October 5, 2022.

8.

As shown by the letter and attached documents at Exhibit B, this case was commenced one day before the scheduled Sheriff Sale for the primary, if not sole, purpose of obtaining imposition of the automatic stay under 11 U.S.C. §362 to cause the Sheriff Sale to be cancelled.

9.

The Fifth Circuit Court of Appeal has held that the Court may convert a Chapter 13 case to a Case under Chapter 7 where the Court finds that the Debtor has acted in bad faith or has abused the bankruptcy process. *In re Jacobsen,* 609 F.3d 647, 660 (5th Cir. 210) ("…a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process"). Other decisions by courts in the Fifth Circuit have also so held. *See, e.g., In re Boyd*, No. 19-20846, 2020 WL 6938828, at *5 (Bankr. W.D. La. Nov. 3, 2020); *In re Smith*, 530 B.R. 327 (Bankr. S.D. Miss. 2015), aff'd sub nom. *Smith v. Henley*, 548 B.R. 724 (S.D. Miss. 2016).

10.

The Debtor's bad faith and abuse of the bankruptcy process in this case is demonstrated by the following facts:

(a) First, despite having experienced and qualified counsel, the Debtor proceeded to file under Chapter 13 although his debt to C&O alone made him over $6,000,000 above the maximum limit for relief under Chapter 13[2];

(b) second, the case was obviously filed for the primary, if not sole, purpose of stopping a foreclosure sale scheduled to occur the day after this case was commenced;

(c) third, the Debtor failed to comply with the requirements imposed by 11 U.S.C. §521(a), or to timely seek an extension of the deadline for same, despite both he and his counsel having received the Notice; and,

(d) fourth, the Debtor has not filed and indeed could not legitimately propose a Chapter 13 Plan.

---

[2] One can surmise why this Debtor chose to file a Chapter 13 case for which he was clearly not qualified instead of a Chapter 7 or 11 case, either of which would have been legitimate alternatives.

11.

Conversion to Chapter 7 rather than dismissal is in the best interest of creditors and the estate because C&O alleges that the Debtor has interests in movable and immovable properties in the New Orleans area which can be marketed by a Chapter 7 trustee in an orderly manner which will maximize their values and the distributions to creditors, including C&O; the alternative if the case is dismissed, will be seizures and sales by C&O and other creditors holding judgments or liens at sheriff sales at distressed prices. Moreover, if the case is dismissed, it is highly likely that this Debtor will become a "serial filer" who will commence future bankruptcy proceedings for the sole purpose of delaying foreclosure proceedings and other collection activity.

WHEREFORE, Mover, Carrollton & Oak, LLC, prays, after notice and a hearing, that (1) the Court grant this Motion and convert this case to a case under Chapter 7; (2) deny the Motion of the Chapter 13 Trustee to dismiss this case; and (3) grant mover any and all other relief to which mover may be entitled.

Respectfully submitted,

/s/ William E. Steffes
William E. Steffes (LA Bar No. 12426)
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard, Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 341-1241
E-mail: bsteffes@steffeslaw.com

*Counsel for Carrollton & Oak, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CASE NO. 22-11179** |
| **TOMMY NGO** | **CHAPTER 13** |
| **DEBTOR** | **SECTION "A"** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing *Motion* has been served upon all those entitled to receive electronic notification via this Court's CM/ECF notification system, as shown below:

    Armando R. Baralt on behalf of Debtor Tommy Ngo
    metairielawyer@gmail.com, r52555@notify.bestcase.com

    S. J. Beaulieu, Jr.
    ecf@ch13no.com

    Elizabeth Crowell Price on behalf of Creditor Matrix Financial Services Corp as serviced by Flagstar Bank, FSB
    bkcourtemails@creditorlawyers.com, elizabeth.price@ms.creditorlawyers.com

    Office of the U.S. Trustee
    USTPRegion05.NR.ECF@usdoj.gov

**I FURTHER CERTIFY** that a copy of the Notice has also been served upon all those shown on the attached mailing list by depositing same in the US Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, October 21, 2022.

                                      /s/ Samantha J. Chassaing
                                         Samantha J. Chassaing