**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CASE NO. 22-11179 |
| TOMMY NGO | CHAPTER 13 |
| DEBTOR | SECTION "A" |

**STIPULATION OF CARROLLTON & OAK, LLC AND TOMMY NGO WITH RESPECT TO CONVERSION OF CASE TO CHAPTER 7 AND LIMITED STAY RELIEF**

Carrollton & Oak, LLC ("Creditor"), and Tommy Ngo, Debtor ("Debtor"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1.

Although Creditor has alleged that the Debtor was clearly not qualified to be a debtor in Chapter 13[1], this case was commenced by a voluntary filing as a Chapter 13 case on October 4, 2022, despite having non-contingent debt due to C&O alone far in excess of the maximum $2,750,000 permitted by 11 U.S.C. §109(e).

2.

In its filings, the Debtor has admitted that this case was filed to stop an imminent foreclosure on real property owned by Debtor initiated by Creditor. See Doc. 15.

3.

Because the Debtor did not comply with the requirements of 11 U.S.C. §521(a) on the date the case was commenced, the Clerk of Court issued a Notice [Doc. 4] ("the Notice") to the Debtor and his counsel to do so on or before October 19, 2022.

---

[1] At the commencement of the case, the Debtor had non-contingent debt due to Creditor alone far in excess of the maximum $2,750,000 permitted by 11 U.S.C. §109(e). See Claim No. 2.

3.

The Debtor failed to meet any of the requirements of 11 U.S.C. §521(a) by the aforesaid deadline and has also failed to propose a plan; to date, none of the requirements of 11 U.S.C. §521(a) have been met by the Debtor.

4.

As a result of those failures, the Chapter 13 trustee filed a Motion to Dismiss this case [Doc. 10] ("Motion to Dismiss") which was originally set for hearing on November 16, 2022, at 9:00 a.m. In response, Creditor filed a Motion to Convert the Case to Chapter 7 [Doc. 11] ("Motion to Convert") and a Response to Trustee's Motion to Dismiss [Doc. 13] on October 21, 2022.

5.

The Debtor filed a Notice of No Opposition to Motion to Dismiss [Doc.14, subsequently corrected at Doc.17] and an Objection to the Motion to Convert [Doc. 15] on November 9, 2022.

6.

After a telephonic hearing conducted by the Court on November 16, 2022, the Court set both the Motion to Dismiss and the Motion to Convert for an evidentiary hearing originally scheduled to be held on January 10, 2023; at the request of Debtor's counsel due to illness, the Court re-scheduled the evidentiary hearing for February 7, 2023 at 1 p.m.

7.

On February 3, 2023, Debtor's counsel filed a Request for Special Administrative Procedures [Doc. 31] ("the Request"); in response, the Court scheduled and conducted a telephonic status conference ("the Status Conference") on February 6, 2023, at 9 a.m.; after the Status Conference, the Court issued an Order [Doc.32] denying the Request.

8.

During the Status Conference, Debtor's counsel suggested that the Debtor would consent to conversion of this case to Chapter 7 if Creditor would agree not to oppose a future motion for limited relief from automatic stay to permit the Louisiana 4th Circuit Court of Appeals to issue its decision on a writ application in Case No. 2022-C-0522.

9.

Thereafter, Debtor's counsel and Creditor's counsel conferred several times and came to the following agreement:

A. The Debtor hereby agrees that conversion of this case to Chapter 7 is in the best interest of creditors and the estate and consents to immediate conversion of this case to Chapter 7.

B. Creditor hereby agrees that it will not file any opposition to a future motion that may be filed by the Debtor for limited relief from automatic stay under 11 U.S.C. §362 to permit the Louisiana 4th Circuit Court of Appeal to issue its decision on a pending writ application in Case No. 2022-C-0522. This limited relief does not apply to any other writ application that may now be pending nor to any future writ applications or appeals.

10.

Both the Debtor and Creditor reserve all other rights, claims and defenses they have or may have against each other in this case or otherwise.

WHEREFORE, Creditor and Debtor respectfully request that the Court (1) cancel the evidentiary hearing set for February 7 at 1 p.m., (2) immediately convert this case to a case under Chapter 7; (3) deny the Motion of the Chapter 13 Trustee to dismiss this case as moot; and (4) retain jurisdiction to enforce this stipulation.

Respectfully submitted,

/s/ William E. Steffes
William E. Steffes (LA Bar No. 12426)
**THE STEFFES FIRM, LLC**
13702 Coursey Boulevard, Building 3
Baton Rouge, Louisiana 70817
Telephone: (225) 751-1751
Facsimile: (225) 341-1241
E-mail: bsteffes@steffeslaw.com

*Counsel for Carrollton & Oak, LLC*

-and-

 */s/ Armando R. Baralt*
Armando R. Baralt, LSBA # 18105
911 Veterans Memorial Boulevard
Suite 202-204
Metairie, LA 70005
504-833-3309
504-831-3193 Fax
metairielawyer@gmail.com


 */s/ Justin A. Zitler*
Justin Asher Zitler (T.A.) Bar #18517
4819 Constance Street
New Orleans, LA 70115
Phone: 504-782-5206
E-mail: jazitler@bellsouth.net

*Counsel for the Debtor*