**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 22-11179 |
| | § | |
| TOMMY NGO, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | SECTION A |
| | § | |
| | § | |
| ROSE NGUYEN AND MAN NGO, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | ADV. NO. 24-1029 |
| | § | |
| CARROLLTON & OAK, LLC and | § | |
| NIDAL JABER, | § | |
| | § | |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER**

On April 24, 2024, Rose Nguyen and Man Ngo (the "Plaintiffs"), filed a *Petition for Payment in Full of Past Due Promissory Note* in Louisiana state court in the Civil District Court for the Parish of Orleans, No. 2024-03174 (the "State Court Action") against Carrollton & Oak, LLC ("C&O") and its principal, Nidal Jaber ("Jaber" and, together with C&O, the "Defendants").[1] Through the State Court Action, Plaintiffs assert a claim for amounts allegedly past due and owing under a promissory note executed in April 2014 and made payable to Tommy Ngo, Rose Nguyen (Tommy's wife) and Man Ngo (Tommy's son) (the "Promissory Note"). The Promissory Note

---

[1] The Petition in the State Court Action lists Tommy Ngo, a debtor in this Court at the time the Plaintiffs filed the Petition, as a "non-appearing" "plaintiff-to-be" and represents that "Mr. Tommy Ngo is currently subject to an automatic stay under Title 11: 362 in the United States Bankruptcy Court for the Eastern District of Louisiana and thus is temporarily barred from joining the instant Petition." [ECF Doc. 2]. The Petition also names a third defendant, Gerard McGovern, but Plaintiffs did not request service on Mr. McGovern, and the Petition prays for judgment against only Defendants C&O and Jaber. *See id*.

was executed contemporaneously with a lease-with-purchase-option (the "Lease") executed by Tommy Ngo. Under that contract, C&O leased a mixed-use property then-owned by Tommy Ngo and located at 1200 South Carrollton Avenue, New Orleans, Louisiana (the "Carrollton Avenue Property").

On October 4, 2022, about 18 months **before** Rose Nguyen and Man Ngo filed the State Court Action, Tommy Ngo ("Ngo" or, post-petition, the "Debtor") commenced the above-referenced bankruptcy case by filing a petition for relief under chapter 13 of the Bankruptcy Code. [No. 22-11179, ECF Doc. 1]. The Court converted the Debtor's case to one under chapter 7 of the Bankruptcy Code on February 7, 2023. [No. 22-11179, ECF. Doc. 34]. Barbara Rivera-Fulton was appointed as the chapter 7 trustee ("Trustee") on March 1, 2023. [No. 22-11179, ECF Doc. 55].

The Defendants timely removed the post-petition State Court Action to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027 as related to the Debtor's bankruptcy case; the District Court referred the case to this Court. [ECF Docs. 1 & 2]. Currently before the Court is Defendants' motion for summary judgment in which Defendants assert that they are entitled to summary judgment against Plaintiffs because (1) Plaintiffs cannot state a claim as a matter of law against Jaber in his personal capacity; (2) Plaintiffs' claims are barred under principles of res judicata; and, (3) Plaintiffs' filing of the State Court Action constitutes an attempt to exercise control over, or gain possession of, property of the Debtor's estate—namely, the cause of action arising under the April 2014 Promissory Note—in violation of the automatic stay under § 362(a)(3) (the "Motion

for Summary Judgment"). [ECF Doc. 28].[2] Defendants alternatively contend that if the Court does not grant summary judgment, it should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for lack of standing due to Plaintiffs' failure to join the Trustee as a required party under Federal Rule of Civil Procedure 19. *See id*. On June 20, 2025, the Plaintiffs filed an opposition to the Motion for Summary Judgment as well as a statement of contested facts, [ECF Docs. 31 & 32], and, on June 27, 2025, Defendants filed a reply in support of their Motion for Summary Judgment, [ECF Doc. 33].[3]

Having considered the pleadings and the undisputed material facts supported by the summary judgment record and the records in the Debtor's main case and related adversary proceedings, for the reasons set forth below, the Court concludes that Defendant Jaber, in both his individual capacity and as the corporate representative of C&O, and Defendant C&O are entitled to judgment as a matter of law.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Defendants filed as attachments to their Motion for Summary Judgment a memorandum in support, [ECF Doc. 28-1], a statement of uncontested facts, [ECF Doc. 28-2], and the *Declaration of Nidal Jaber*, [ECF Doc. 28-3 & 29].

[3] The arguments asserted in the Defendants' Motion for Summary Judgment were first offered to this Court in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). After reviewing the Petition, the motion to dismiss, and the opposition thereto, the Court concluded that it could not resolve the motion without considering matters outside the scope of the pleadings, such as the Lease, and thus converted the Rule 12 motion to one under Federal Rule of Civil Procedure 56. [ECF Doc. 25].

**UNDISPUTED FACTS**

The following material facts are either uncontested, not the subject of a genuine dispute, or are subject to judicial notice by this Court:[4]

C&O was organized as a Louisiana limited liability company on April 24, 2014. [ECF Doc. 28-2, ¶ 6; ECF Doc. 32, ¶ 6; ECF Doc. 29, ¶ 4 & Ex. A]. Jaber is the managing member of C&O. [ECF Doc. 28-2, ¶ 5; ECF Doc. 29, ¶ 2; ECF Doc. 32, ¶ 5]. Jaber became the sole member of C&O in 2022; before then, Gerard McGovern ("McGovern") and Jaber were the members of C&O. [ECF Doc. 28-2, ¶ 7].

Effective April 24, 2014, C&O and the Debtor entered into the Lease of the Carrollton Avenue Property. [ECF Doc. 28-2, ¶ 8; ECF Doc. 29, Ex. B; ECF Doc. 32, ¶ 8]. The Lease was executed on behalf of C&O by its authorized representatives, Jaber and McGovern. [ECF Doc. 28-2, ¶ 10; ECF Doc. 32, ¶ 10]. C&O, by and through Jaber and McGovern, also executed the Promissory Note dated April 24, 2014, in the principal amount of $703,727.49, which was paraphed with the Lease for identification. [ECF Doc. 2 (Complaint, Ex. B); ECF Doc. 28-2, ¶ 11; ECF Doc. 32, ¶ 10]. The Promissory Note identifies the Debtor and the Plaintiffs as joint payees. [ECF Doc. 2 (Complaint, Ex. B); ECF Doc. 28-2, ¶ 11; ECF Doc. 32, ¶ 10]. The Promissory Note is signed by Jaber and McGovern beneath "Carrollton & Oak, LLC":

---

[4]      A court may take judicial notice of its own records. *See ITT Rayonier Inc. v. United States*, 651 F. 2d 343, 345 n. 2 (5th Cir. 1981) (citation omitted).

CARROLLTON & OAK, LLC

BY: _____
Nidal Jaber

BY: _____
Gerard McGovern

[ECF Doc. 2 (Complaint, Ex. B)]. Jaber's signature appears only once on the Promissory Note. *See id.*; [ECF Doc. 28-2, ¶ 12 (citing Complaint, Ex. B); ECF Doc. 32, ¶ 12].

In April 2019, C&O sued Ngo in Orleans Parish court, asserting claims arising under the Lease; Ngo asserted a reconventional demand against C&O, asserting his own claim for payment under the Promissory Note (the "Note Claim"). Although the Promissory Note identifies Ngo, Rose Nguyen (his wife), and Man Ngo (his son) as joint payees, neither Rose nor Man were joined as co-plaintiffs in reconvention with respect to the Note Claim asserted by Ngo. After a six-day trial, the Orleans Parish court entered the State Court Judgment in favor of C&O and against Ngo, rejecting Ngo's reconventional demand based on the Note Claim—in other words, the Orleans Parish state court concluded that C&O was not liable to Ngo under the Promissory Note. [No. 22-11179, ECF Docs. 98 & 169].

Notwithstanding the entry of the State Court Judgment, Ngo, then represented by new counsel, Justin Zitler, asserted the same Note Claim in connection with foreclosure proceedings initiated by C&O in Jefferson Parish in September 2022. [No. 22-11179, ECF Doc. 325, 3–4]. There, Zitler asserted that Ngo was entitled to a preliminary injunction to stop the foreclosure because the State Court Judgment was not a final judgment. *See id.* Again, neither Rose Nguyen nor Man Ngo, as joint payees under the Promissory Note, were included as parties in Ngo's pursuit of the preliminary injunction in C&O's foreclosure proceedings. *See id.* After the Jefferson Parish

5

court found that the State Court Judgment entered by the Orleans Parish court was a final judgment, C&O returned to the Orleans Parish court and obtained a ruling from that court clarifying the State Court Judgment and confirming the conclusion of the Jefferson Parish court that the State Court Judgment was indeed a final judgment. [No. 22-11179, ECF Doc. 325, at 4–5].

After Ngo commenced his chapter 13 bankruptcy case on October 4, 2022 (which later converted to chapter 7), C&O filed a proof of claim against Ngo's estate, attaching as an exhibit its recorded State Court Judgment, and asserted a claim in the principal amount of $6,455,889.19 secured by "[a]ll immovable property and improvements thereon owned or in the name of the Debtor in Orleans and Jefferson Parish." [No. 22-11179, ECF Doc. 325, at 5 (quoting Proof of Claim No. 2)]. Zitler objected to C&O's proof of claim on behalf of the Debtor, pressing the Note Claim again and asserting that Ngo was entitled to offset the amounts claimed by C&O against the Ngo estate by amounts allegedly owed to Ngo under the Promissory Note. [No. 22-11179, ECF Doc. 325, at 7–8]. The Court ultimately overruled Ngo's objection to C&O's proof of claim and allowed C&O a secured claim in the full amount listed on its proof of claim (the "Claim Allowance Order"). [No. 22-11179, ECF Doc. 98; *see also* ECF Doc. 325]. The Debtor appealed that ruling, and the District Court affirmed this Court. [No. 22-11179, ECF Doc. 135]. The Debtor did not timely appeal the District Court's decision, and the Claim Allowance Order became a final order.

Zitler continued to press the Note Claim and collaterally challenge the State Court Judgment, this Court's Claim Allowance Order, and other final Orders of this Court repeatedly in the Debtor's main bankruptcy case and related adversary proceedings for over a year. [No. 22-11179, ECF Doc. 325, at 9–26].[5] Ultimately, the Court granted C&O's requests for sanctions against Zitler for abuse of the judicial process:

---

[5] One of those final Orders was the approval of the Trustee's motion to sell fifteen developed and undeveloped estate properties, including the Debtor's residence at 801 Marlene Drive and the

This Court is averse to assess sanctions against attorneys or their clients, but in this case, the Court is left without choice.  Dissatisfied with court rulings on the disputes between his client, Ngo, and C&O, Zitler has abused the judicial process by continuing to advance theories and press claims that are barred by res judicata.  As an officer of the court and a member of the Louisiana bar, Zitler is held to a higher standard than his client, an individual chapter 7 debtor, to know the effects of a final Order.  Thus, the Court places responsibility for the vexatious litigation tactics and unprofessional behavior toward opposing counsel that the Court has observed in this matter squarely upon Zitler.

[No. 22-11179, ECF Doc. 325, at 37–38].  Relevant here, on May 19, 2023, C&O initiated an adversary proceeding against Ngo, asserting that the debt owed by Ngo to C&O should be nondischargeable under § 523(a)(6) of the Bankruptcy Code.  [No. 22-11179, ECF Doc. 325, at 9].  After the pleadings were joined and the Court issued a Scheduling Order, Zitler sought leave of this Court to amend the Debtor's Answer to assert counterclaims and third-party claims against C&O and Jaber.  [No. 22-11179, ECF Doc. 325, at 9–10].  Although painted by Zitler as "post-

---

Carrollton Avenue Property, to C&O (the "Sale Order").  [No. 22-11179, ECF Doc. 223; *see also* ECF Doc. 325, at 19–20].  The transaction contemplated C&O's credit-bid and contribution of cash sufficient to pay all superior encumbrances existing on the properties, all outstanding real estate taxes, and the Debtor's homestead exemption. [No. 22-11179, ECF Doc. 325, at 20].

In his sworn Schedules, the Debtor claimed the full state homestead exemption but simultaneously identified Nguyen as a "spouse, former spouse, or legal equivalent" who lived with him at 801 Marlene Drive in Louisiana, a community property state, within the eight years prior to filing for bankruptcy protection. [No. 22-11179, ECF Doc. 325, at 23–24].  But shortly after entry of the Sale Order, Zitler began to assert on behalf of the Debtor **and** his wife, Rose Nguyen, that the 801 Marlene Drive property was not community property but was instead property co-owned by the two of them because it was acquired at a time when Rose Nguyen was married to Ngo Vinh Loi and living under a Vietnamese community property regime. [No. 22-11179, ECF Doc. 325, at 24].  So, in connection with the Sale Order, the Trustee initiated an adversary proceeding against Rose Nguyen and her alleged ex-husband, Ngo Vinh Loi, pursuant to Bankruptcy Code § 363(h) and Bankruptcy Rule 7001(3) to obtain approval to sell both the interest of the estate and that of an alleged co-owner in the property located at 801 Marlene Drive. *See id.*  In the course of resolving disputes early in that adversary proceeding, this Court found that

an actual conflict exists between Tommy Ngo, the debtor in the above-captioned main bankruptcy case, and Rose Nguyen regarding the character of the property at issue under Louisiana state law and its disposition. Pursuant to Rule 1.7 of the Louisiana Rules of Professional Conduct, Justin A. Zitler is **PROHIBITED** from further representation of Rose Nguyen in this adversary proceeding due to the actual conflict of interest.

[No. 22-11179, ECF Doc. 325, at 25 (quoting Adv. No. 24-1004, ECF Doc. 15)]. Rose Nguyen obtained conflicts counsel and quickly reached a settlement with the Trustee that allowed the property to be sold under § 363(h).  [No. 22-11179, ECF Doc. 325, at 25].

7

petition" claims, those claims included the Note Claim as well as prepetition alter-ego claims against Jaber and property-damage claims against C&O. *Id.* Because the Debtor's claims under the Lease and Promissory Note were subject to the doctrine of res judicata, on November 16, 2023, the Court denied Ngo's motion for leave to file counterclaims and third-party claims. [No. 22-11179, ECF Docs. 325, at 10 (citing No. 22-11179, ECF Docs. 169 & 170)].

On April 24, 2024, Zitler filed the State Court Action on behalf of Rose Nguyen and Man Ngo in Orleans Parish court, asserting the Note Claim against Jaber and C&O.

## DISCUSSION

### A.    Summary Judgment Standard

A court grants summary judgment when the pleadings, discovery responses, and affidavits show no genuine dispute as to any material fact and the evidence entitles the movant to judgment at trial. *See* FED. R. CIV. P. 56(a) & (c); FED. R. BANKR. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). A court views the facts and evidence in the light most favorable to the nonmovant. *See Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

A party seeking summary judgment always bears the initial burden of informing the court of the basis for the motion and identifying portions of the record which it asserts demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. To satisfy that burden, the moving party must either "submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*. at 331–32. Although the Court must consider the evidence with all reasonable inferences in favor of the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine

8

issue exists for trial. *See Webb v. Cardiothoracic Surgery Assocs. of N. Tex.*, 139 F.3d 532, 536 (5th Cir. 1998). "[I]f the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment." *Addison v. La. Reg'l Landfill Co.*, No. 19-11133, 2024 WL 3274645, at *3 (E.D. La. July 1, 2024) (citations omitted).

**B. Defendant Jaber, Sued by Plaintiffs in His Personal Capacity, Is Entitled to Summary Judgment in His Favor.**

Defendant Jaber is entitled to summary judgment in his favor because he is not personally liable under the Promissory Note. In Louisiana, section 10:3-402 of the Louisiana Revised Statutes governs whether a signatory to an instrument is liable under that instrument in his representative capacity or in his personal capacity:

> (b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:
>
> (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
>
> (2) [Subject to an exception not applicable here], if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity or (ii) the represented person is not identified in the instrument, the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument.

LA. REV. STAT. ANN. § 10:3-402(b). "[S]ignatures to an instrument are not mere ornaments." *Tweedel v. Brasseaux*, 433 So. 2d 133, 137 (La. 1983) (citation omitted). Louisiana courts have held that an authorized representative's signature following the word "by" beneath a typed represented party's name expressly shows that the signatory signed in his representative capacity and is not personally liable under the instrument. *See, e.g., Parlay Enters., Inc. v. R-B-CO, Inc. of Bossier*, 504 So. 2d 660, 661–62 (La. App. 2 Cir. 1987). If a court determines that the form of

9

signature on an instrument shows unambiguously that the signature is made on behalf of a represented person, then the court's inquiry ends there.  *See Pelican Plumbing Supply, Inc. v. J.O.H. Constr. Co.*, 653 So. 2d 699, 702 (La. App. 5 Cir. 1995).

Uncontested is the fact that Jaber's signature appears only once on the Promissory Note; Jaber signed the Promissory Note after the word "By:" under the name of C&O, the represented person.  [ECF Doc. 28-2, ¶ 12 (citing Complaint, Exhibit B); ECF Doc. 32, ¶ 12].  Pursuant to section 10:3-402 of the Louisiana Revised Statutes, the Court finds that the form of signature on the Promissory Note shows unambiguously that Jaber signed on behalf of C&O and thus is not personally liable on the Promissory Note as a matter of law.

**C.     Plaintiffs Rose Nguyen and Man Ngo Are Barred by Res Judicata from Asserting the Note Claim Against Defendants.**

The resolution of the Motion for Summary Judgment requires this Court to consider the res judicata effect of the State Court Judgment, this Court's Claim Allowance Order, and other of its final Orders addressing the Note Claim on the Plaintiffs, Rose Nguyen and Man Ngo.  [No. 22-11179, ECF Docs. 98, 169 & 223].  When a federal court considers the res judicata effect of a state court judgment, it applies the preclusion laws of the state that rendered the judgment.  *See In re Coupel*, No. 25-30048, 2025 WL 3092766, at *2 (5th Cir. Nov. 5, 2025) (citations omitted); *Dotson v. Atl. Specialty Ins. Co.*, 24 F. 4th 999, 1002 (5th Cir. 2022) (citation omitted).  Federal common law principles govern the res judicata effect of federal court judgments.  *See Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 n.1 (5th Cir. 2010).  No significant differences exist between Louisiana's preclusion law and federal common law.[6]  Indeed, "[t]he purpose of both federal and

---

[6]     As explained by the Court of Appeal of Louisiana, Fourth Circuit:

In Louisiana, res judicata is implemented through a framework of code articles and statutes; effective January 1, 1991, that framework was amended by the Legislature to be more akin to federal and common law.  Since 1991, the Louisiana Supreme Court has considered the chief inquiry to be whether the second action asserts a cause of action which

state law on res judicata is essentially the same[:]  to promote judicial efficiency and final resolution of disputes by preventing needless relitigation." *Armbruster v. Anderson*, 250 So. 3d 310, 316 (La. App. 4 Cir. 2018) (internal quotations and citation omitted).

"The rule of res judicata encompasses two separate but linked preclusive doctrines:  (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F. 3d 559, 571 (5th Cir. 2005) (citation omitted).  "Under res judicata, a final judgment on the merits of an action precludes the parties **or their privies** from relitigating issues that were or could have been raised in that action." *Ries v. Paige (In re Paige)*, 610 F.3d 865, 870 (5th Cir. 2010) (citation omitted) (emphasis added).  The Fifth Circuit's test for res judicata has four prongs:  "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc.*, 428 F. 3d at 571 (citations omitted).  No party here contests the second, third, and fourth elements.

What does it mean for parties to be "in privity" for purposes of the first element of res judicata?

> A non-party is in privity with a party for res judicata purposes in three instances.  First, if he has succeeded to the party's interest in property, he is bound by prior judgments against the party.  Second, if he controlled the prior litigation, he is

---

arises out of the transaction or occurrence that was the subject matter of the first action. This change in the law serves the purposes of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence.

*Armbruster v. Anderson*, 250 So. 3d 310, 316 n.13 (La. App. 4 Cir. 2018) (internal quotations and citations omitted). "As the Louisiana res judicata statute is modeled on federal preclusion doctrine and the Restatement on Judgments, federal jurisprudence may be consulted when the relevant Louisiana cases leave doubt a[s] to the meaning of the statute." *Donley v. Hudsons Salvage, L.L.C.*, 517 F. App'x 220 (5th Cir. 2013) (internal quotations and citation omitted).

bound by its result. Third, he is bound if the party adequately represented his interests in the prior proceeding.

*Latham v. Wells Fargo Bank, N.A.*, 896 F. 2d 979, 983 (5th Cir. 1990) (citations omitted). As to that last instance, "a non-party will be considered in privity or sufficiently close to a party in the prior suit so as to justify preclusion, where the party to the first suit is so closely aligned with the nonparty's interest as to be his virtual representative." *Donley v Hudsons Salvage, L.L.C.*, 517 F. App'x 220, 221 (5th Cir. 2013) (internal quotations and citations omitted); *see also Forum for Equality PAC v. McKeithen*, 893 So. 2d 738, 745 (La. 2005) (holding that the interests of non-parties to litigation were nevertheless bound by the results of the litigation because their interests were closely aligned with those of the litigation parties and thus adequately represented in the litigation).

Here, it is an undisputed fact that the Promissory Note identifies the Debtor and the Plaintiffs as joint payees. The Court finds that the interests of Plaintiffs Rose Nguyen and Man Ngo are closely, if not entirely, aligned with those of the Debtor, Tommy Ngo; thus, although Plaintiffs were not parties to the underlying litigation between Tommy Ngo and C&O that resulted in the State Court Judgment, this Court's Claim Allowance Order, and other final Orders of this Court addressing the Note Claim, Plaintiffs' interests were adequately represented in that litigation. The Court finds that Plaintiffs Rose Nguyen and Man Ngo are barred by the doctrine of res judicata from asserting the Note Claim against the Defendants in the State Court Action.[7]

---

[7] Having found the Plaintiffs are barred under principles of res judicata from bringing the Note Claim against Defendants, the Court need not address Defendants' other summary judgment arguments or their alternative theory under Federal Rule of Civil Procedure 12(b)(7).

**CONCLUSION**

For the reasons above, the Court concludes that no genuine issues of material fact exist and that the Defendants are entitled to summary judgment on all claims asserted by Rose Nguyen and Man Ngo in the State Court Action.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment is **GRANTED**.

A separate judgment on the Petition in the above-captioned adversary proceeding consistent with this *Memorandum Opinion and Order* will be entered contemporaneously and in accordance with Bankruptcy Rules 7058, 5003, and 9021.

New Orleans, Louisiana, June 9, 2026.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE